IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARABELLE MOURA,<br><br>  Plaintiff,<br><br>  v.<br><br>AMERICAN WEST STEAMBOAT COMPANY LLC d/b/a MAJESTIC AMERICA LINE, and DOES 1 to 100,<br><br>  Defendants.<br>_____/ | No. C 08-04025 WHA<br><br>**ORDER DENYING MOTIONS TO DISMISS FOR IMPROPER VENUE AND MOTION TO TRANSFER** |

At the hearing on February 5, 2009, defendant represented to this Court that plaintiff failed to provide evidence that she had not received the tour contract. Defendant stated that it was "standard practice of American West Steamship Company to include with the ticket and the itinerary this passage and tour contract. Plaintiff has presented no evidence to the contrary." After plaintiff's counsel brought to the Court's attention that she and Ms. Moura had filed declarations which stated that they did not receive a copy of the tour contract, defendant stated that "the copies that we received of the declaration are unsigned." The courtesy copies in the Court's possession were signed, while the electronically-filed versions were unsigned. According to General Order No. 45, documents filed through the court's electronic case file program that are unsigned "shall be deemed signed, regardless of the existence of a physical signature on the document, provided that such document is filed using the User ID and Password of the Signatory." Because both plaintiff and her counsel declared in their unsigned

electronically-filed declarations that they did not receive a copy of the tour contract, at least plaintiff's counsel's declaration was sufficient to point out that plaintiff had not received a copy of the contract.

For the reasons stated at the motion hearing on February 5, 2009, defendant's motions are **DENIED WITHOUT PREJUDICE**. The motions are subject to renewal after discovery into the reasonableness of the limitations on plaintiff to file the court action. Discovery is open on all issues that are disputed, but the parties shall give priority to conduct discovery on whether plaintiff had a copy of the tour contract, the extent of defendant's disclosure to plaintiff of the forum-selection clause and one-year limitation on bringing suit, and the reasonableness of the limitations and disclosures of notice. A separate trial may be held on the issue of whether the terms of the tour contract were reasonably communicated to plaintiff.

If plaintiff's counsel is not yet a member of the bar and this district, then she must become one within **21 CALENDAR DAYS** and provide proof to that effect.

**IT IS SO ORDERED.**

Dated: February 6, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE